# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDDIE LEE WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-1252-EFM-KGG |
| | ) |
| KETCH, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES, MOTION TO APPOINT COUNSEL, AND REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his federal court Complaint, Plaintiff Eddie Lee Ward has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 4, sealed), with an accompanying Affidavit of Financial Status (Doc. 4-1). Plaintiff has also filed a Motion for Appointment of Counsel (Doc. 3.) Having reviewed Plaintiff's motions, as well as his Complaint (Doc. 1), the Court **GRANTS** the motion for *IFP* status (Doc. 4), **DENIES** the motion to appoint counsel (Doc. 3), and **RECOMMENDS DISMISSAL** of Plaintiff's claims.

**I.    Motion to Proceed** *In Forma Pauperis*

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of

financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 56 years old and separated with no dependant children.  (Doc. 4-1, at 1-2.)  Plaintiff is currently unemployed and lists no prior employment.  (*Id*., at 3.)  He has received a modest amount of Social Security benefits as well as a small amount in monetary gifts during the past twelve months.  (*Id*., at 4-5.)

Plaintiff owns no real property, but does own a modest automobile outright.  (*Id*., at 4.)  He enumerates the typical monthly expenses, including rent, groceries, certain utilities, and telephone.  (*Id*., at 5.)  He also indicates a nominal amount of savings and cash on hand.  (*Id*., at 4.)  He has not filed for bankruptcy.  (*Id*., at 6.)

Considering all of the information contained in the financial affidavit, Plaintiff has established that his access to the Courts would otherwise be seriously impaired if he is not granted *IFP* status.  The Court therefore **GRANTS** Plaintiff's motion for *IFP*.

## II.     Motion to Appoint Counsel.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual:  (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

In considering the first *Castner* factor, by granting Plaintiff's *IFP* motion,

the undersigned already determined that Plaintiff has a limited ability to afford counsel. (*Supra*.) As for the third **Castner** factor, however, this Court finds that Plaintiff has not entirely engaged in a diligent search for counsel. (*See* Doc. 3.) The form motion specifically enumerates spaces for Plaintiff to identify six attorneys he has contacted about representation and Plaintiff has only contacted five. Rather than instruct Plaintiff to contact additional counsel, the Court will continue its analysis, which will turn on the other two **Castner** factors – Plaintiff's capacity to represent himself and the merits of his claims. 979 F.2d at 1420-21.

In considering Plaintiff's ability to represent himself, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals and inmates who represent themselves *pro se* in Courts

throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel. Plaintiff's motion for counsel (Doc. 6) is **DENIED** on this basis.

### III.    Sufficiency of Complaint and R&R for Dismissal.

The Court also has concerns regarding the merits of Plaintiff's claims. When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2). Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).[1] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the

---

[1] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g.,* **Rowe v. Shake,** 196 F.3d 778, 783 (7th Cir. 1999); **McGore v. Wigglesworth,** 114 F.3d 601, 608 (6th Cir. 1997).

complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of

a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).  Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested.

Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

With these standards in mind, the Court finds that Plaintiff has failed to establish a basis for federal court jurisdiction. Plaintiff, who is a citizen of Kansas, brings his claims against KETCH, a corporate Defendant, that is also a citizen of Kansas.[2] (*See* Doc. 1, at 2.) Therefore, there is no basis for diversity jurisdiction. Also, the allegations contained in Plaintiff's Complaint – that Defendant "would not allow [him] to visit [his] mother" on two occasions in 2013 – do not, on their face, raise a federal question. As such, there is no basis for federal court jurisdiction and this Court **RECOMMENDS** that the case be **DISMISSED**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of

---

[2] Although Plaintiff has not listed an address for Defendant KETCH, the Court takes judicial notice that it is an organization located in Wichita with the stated purpose of helping disabled Kansans.

counsel (Doc. 3) is **DENIED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** for lack of federal court jurisdiction.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 15th day of August, 2014.

 s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge